UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

DAVID N. KLOEBER, JR., )
)
    Plaintiff, ) Civil Action No.
) 5:11-cv-313-JMH
v. )
) **MEMORANDUM OPINION &**
MONTIE'S RESOURCES, LLC, et al., ) **ORDER**
)
    Defendants. )

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon Plaintiff's Motion for Default Judgment against Defendant Bartolomea and Lisa Montanari Family Limited Partnership [DE 70] and Motion for Default Judgment or, Alternatively, to Extend Deadlines as to Defendant Bella Luca Properties, LLC ("Bella Luca") [DE 71]. Being adequately advised and having carefully considered the two motions, the Court concludes that the first shall be granted and the second granted in part and denied in part.

**A.**

Plaintiff's request for relief with respect to the Bartolomea and Lisa Montanari Family Limited Partnership is premised on the fact that the defendant is unrepresented at this time and, thus, in default. Counsel was permitted to withdraw on November 5, 2012, and no appearance of new counsel has been made on the partnership's behalf. The

thirty-day period for appearance of counsel set by the Court has expired [DE 64]. The partnership may not represent itself for it is well settled that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Accordingly, the Bartolomea and Lisa Montanari Family Limited Partnership's answer [DE 28] is stricken and held for naught. Default judgment is appropriate pursuant to Fed. R. Civ. P. 55(b)(2) and shall be entered.

**B.**

As for Defendant Bella Luca, Plaintiff asks the Court to enter default judgment on the grounds that Bella Luca has been served with summons and has failed to respond to the Amended Complaint. Specifically, Plaintiff explains that it has made two efforts to serve Defendant Bella Luca. First, it attempted personal service on the originator of the limited partnership, Lisa Montanari, at an address maintained by the Minnesota Secretary of State. The

2

process server learned, however, that she was no longer
resident at that address, and returned the summons and
other documents affixed thereto undelivered.  Plaintiff
next sought to serve Defendant Bella Luca through the
Secretary of State for the Commonwealth of Kentucky using
the address on Lisa Montanari's bankruptcy petition.  The
items were returned undelivered, but Plaintiff takes the
position that service is now complete because the Secretary
of State is Bella Luca's agent for service of process by
virtue of KRS § 454.210(3)(a).  The Court is not persuaded.

Fed. R. Civ. P. 4(h) states that a partnership or
other unincorporated association subject to suit under a
common name must be served either (1) in the manner
provided for individuals under Fed. R. Civ. P. 4(e)(1) or
(2) "by delivering a copy of the summons and of the
complaint to an officer, a managing or general agent, or
any other agent authorized by appointment or by law to
receive service of process and – if the agent is one
authorized by statute and the statute so requires – by also
mailing a copy of each to the defendant."  Fed. R. Civ. P.
(e)(1) provides that service may be made by "following
state law for serving a summons in an action brought in
courts of general jurisdiction in the state where the
district court is located or where service is made."  Ky.

3

R. Civ. P. 4.04 provides that "[s]ervice shall be made upon a partnership or unincorporated association subject to suit under a common name by serving a partner or managing agent of the partnership or an officer or managing agent of the association, or an agent authorized by appointment or by law to receive service on its behalf."

Plaintiff takes the position that, under KRS § 454.210(3)(a), the Secretary of State for the Commonwealth is deemed to be the statutory agent of Bella Luca because Bella Luca's actions fell within one of those categories described in § 454.210(2)(a). In the Amended Complaint, Kloeber alleges that Bella Luca received fraudulent transfers from Defendant Bart Montanari and that these transfers constituted a violation of a loan agreement by Bart Montanari – an agreement to which Bella Luca was not a party. [*See* Amended Compl. ¶ 308 [DE 50].] It is not immediately clear to the Court that any actions allegedly taken by Bella Luca fall within the categories listed in (2)(a). Should Plaintiff wish to revisit this argument with further analysis of KRS § 454.210(2)(a), the Court will reconsider its decision in light of that argument. That said, the Court notes that, if there is, ultimately, no agent for Bella Luca in this state, Plaintiff may seek service under Ky. Civ. R. 4.05.

Accordingly, **IT IS ORDERED:**

(1) that Plaintiff's Motion for Default Judgment against Defendant Bartolomea and Lisa Montanari Family Limited Partnership [DE 70] is **GRANTED**. A separate order of judgment shall issue.

(2) that Plaintiff's Motion for Default Judgment or, Alternatively, to Extend Deadlines as to Defendant Bella Luca Properties, LLC [DE 71] is **GRANTED IN PART** and **DENIED IN PART;**

(3) that all remaining deadlines and scheduled hearings in this matter, as well as the jury trial, are **CONTINUED GENERALLY**, pending further order of the Court.

Additionally, upon the Court's own motion and in light of the fact that more than 120 days have expired since the filing of the Amended Complaint, **IT IS ALSO ORDERED**:

(4) that, within **ten (10) days** of entry of this order, Plaintiff shall **SHOW CAUSE** why the its complaint, as twice amended, should not be dismissed without prejudice as to Defendant Bella Luca Properties, LLC, pursuant to Fed. R. Civ. P. 4(m). Plaintiff may do so by submitting further argument and demonstrating that the Secretary of State for the Commonwealth of Kentucky is the agent for service of process of said Defendant. Alternatively, Plaintiff may seek service of process pursuant to Ky. R. Civ. P. 4.05.

5

This the 20th day of December, 2012.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge