```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
              CENTRAL DIVISION at LEXINGTON
```

DAVID N. KLOEBER, JR.,              )
                                    )
    Plaintiff,                      )    Civil Action No.
                                    )    5:11-cv-313-JMH
v.                                  )
                                    )    **MEMORANDUM OPINION &**
MONTIE'S RESOURCES, LLC, et al.,    )            **ORDER**
                                    )
    Defendants.                     )

                  **     **     **     **     **

This matter is before the Court upon Plaintiff's response [DE 76] to the Court's December 20, 2012, Order [DE 72] to show cause why Plaintiff's Second Amended Complaint against Defendant Bella Luca Properties, LLC ("Bella Luca"), a limited liability company organized in Minnesota, should not be dismissed without prejudice for failure to timely serve said defendant.  The Court also has before it Plaintiff's Motions for Extension of Time for Service and for Appointment of a Warning Order Attorney. [DE 77.]

Plaintiff argues that the Court must "deem" the Kentucky Secretary of State "to be the statutory agent" of Bella Luca for service of process by operation of KRS 454.210(3)(a) because personal jurisdiction over Bella Luca would be authorized under Kentucky's long-arm statute, KRS 454.210(2).  Plaintiff argues that, on the facts alleged,

Bella Luca "caus[ed] tortious injury by an act or omission in this Commonwealth." Alternatively, he argues that Bella Luca "caus[ed] tortious injury in this Commonwealth by an act or omission outside the Commonwealth" because it derived substantial revenue from goods used or consumed or services rendered in this Commonwealth as provided to justify the exercise of personal jurisdiction over Bella Luca under the terms of KRS 454.210(2).

Kentucky's long arm statute extends as far as the federal due process clause and, thus, the Court may conduct its inquiry by considering whether an assertion of personal jurisdiction would violate constitutional due process concerns. *Aristech Chemical Intern. Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998) (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996) and *Wright v. Sullivan Payne Co.*, 839 S.W.2d 250, 253 (Ky. 1992)).

In order to be subject to specific jurisdiction, a defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state. *Santa Escolastica, Inc. v. Pavlovsky*, 636 F. Supp.2d 1077, 1085-86 (E.D. Ky. 2010) (citing *Air Products and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 550 (6th Cir. 2007)). Second, the cause of

2

action must arise from the defendant's activities there. *Id.* Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.*

With respect to purposeful availment, a singular contact alone may not suffice, for example, but an on-going relationship, indicating repeated intentional activities directed toward the forum, meets this criterion. Here, Plaintiff avers that Bella Luca purposefully availed itself of the privilege of causing a consequence in the Commonwealth of Kentucky (the removal of funds from a Kentucky bank account and sourced from Kentucky) on a number of occasions. In that vein, Plaintiff avers that Bella Luca received funds whose origins lie in Kentucky because (1) they were generated by Defendants Emlyn and Montie's Resources' sale of coal which was produced in Kentucky and (2) they were transferred from a bank account within the Commonwealth. Bella Luca allegedly received those funds by means of a fraudulent transfer effected by Defendant Bart Montanari. Bart Montanari is one the principals of Defendants Emlyn, Montie's Resources, and Bella Luca. The funds were wired from Emlyn's account at BB&T to Bella Luca's account at Central Bank, which has an

3

address listed in Stillwater, Minnesota on the statement provided as an exhibit to Plaintiff's response. [DE 76-3 at 6.] The address provided on the bank statement from BB&T for "Emlyn Coal Processing of Minnesota, LLC," also attached as an exhibit to Plaintiff's response, which the Court presumes to be the same entity as Defendant Emlyn, is "517 Parkside Rd., London, KY 40744-7320." [DE 76-3 at 10.]

Plaintiff's action—for damages as a result of the allegedly fraudulent transfers—clearly arises from Bella Luca's contact with the Commonwealth of Kentucky. Finally, the Court is persuaded that the action is sufficiently connected to the forum that the exercise of personal jurisdiction is reasonable.

Having considered Plaintiff's arguments and the allegations upon which Plaintiff bases its theory of service, the Court concludes that personal jurisdiction over Bella Luca would be warranted under the Kentucky long-arm statute and the U.S. Constitution. The Court is persuaded that the allegation that the assets, including these receivables, that were received by Bella Luca but otherwise due to Plaintiff were sourced from Kentucky and transferred from a Kentucky bank account is sufficient to confer personal jurisdiction over Bella Luca and, thus,

4

make the Secretary of State Bella Luca's agent for service of process if the other requirements for service by this method have been met.

Plaintiff "follow[ed] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The rules for service in the Commonwealth provide, among other things, that "[s]ervice shall be made upon a corporation by serving an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, *or any other agent authorized by appointment or by law to receive service on its behalf*." Ky. R. Civ. P. 4.04(5) (emphasis added). Thus, service was complete no later than October 29, 2012, when Plaintiff served the Office of the Secretary of State for the Commonwealth of Kentucky with the summons and accompanying documents. [*See* DE 66.] This was within the time limits for service set forth in Fed. R. Civ. P. 4(m). Accordingly, Plaintiff has shown cause why the Second Amended Complaint should not be dismissed without prejudice as to Bella Luca, and the Court's order to show cause shall be discharged.

Further, the Court, on its own motion, reconsiders its decision to deny Plaintiff's Motion for Default Judgment

5

with respect to Defendant Bella Luca. [DE 71.] Service has been made, and no responsive pleading has been filed by Defendant Bella Luca even though the time for making a response has expired. *See* Fed. R. Civ. P. 12(a). Accordingly, entry of default judgment is appropriate. *See* Fed. R. Civ. P. 55(b)(2).

Finally, Plaintiff's Motions for Extension of Time for Service and for Appointment of a Warning Order Attorney with respect to Defendant Bella Luca are now moot and shall be denied.

Accordingly, **IT IS ORDERED:**

(1) that the Court's December 20, 2012, Order [DE 72] requiring Plaintiff to show cause is **DISCHARGED**;

(2) that, upon the Court's own motion, the portion of the Court's December 20, 2012, Order [DE 72] which denied Plaintiff's motion for entry of default judgment [DE 71] as to Defendant Bella Luca Properties, LLC, is **STRICKEN AND HELD FOR NAUGHT;**

(3) that Plaintiff's Motion for Default Judgment as to Defendant Bella Luca Properties, LLC [DE 71] is **GRANTED**;

(4) that Plaintiff's Motions for Extension of Time for Service and for Appointment of a Warning Order Attorney with respect to Defendant Bella Luca Properties, LLC [DE 77], are **DENIED AS MOOT**; and

6

(5) that Plaintiff shall **FILE A STATUS REPORT** within ten (10) days of entry of this order (a) advising the Court of what, if any, further proceedings are necessary under Fed. R. Civ. P. 55(b)(2) to enter or effectuate judgment with respect to Defendant Bella Luca Properties, LLC, and (b) setting forth a proposed schedule for same.

This the 15th day of January, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge